**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TITO MATUNOG FAMACION and MARIA TERESITA MONTINOLA FAMACION, | No. 07-74466 |
| Petitioners, | Agency Nos. A071-628-640 A071-628-641 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2011
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and ANELLO, District Judge.[**]

Petitioner Tito Matunog Famacion, a native and citizen of the Philippines,

petitions this court for review of the Board of Immigration Appeals (BIA)'s denial

of his application for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael M. Anello, District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

Convention Against Torture (CAT). Famacion further contends the BIA erred when it declined to address the Immigration Judge (IJ)'s determination that Famacion provided material support to a terrorist organization, 8 U.S.C. § 1182(a)(3)(IV), thus rendering him ineligible for voluntary departure under 8 U.S.C. § 1229c(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.[1]

Substantial evidence supports the IJ's adverse credibility finding against Famacion. The IJ noted several inconsistencies in Famacion's testimony as to the timeline of his and his wife's purported persecution and arrival in the United Sates. In addition, the IJ noted that Famacion became flustered during his testimony, paused at great lengths, and appeared to be at a loss for words. We give the IJ "special deference to a credibility determination that is based on demeanor." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005) (internal quotation marks omitted). Because Famacion was not credible, his asylum, withholding of removal, and CAT claims were properly denied.[2]

---

[1]  Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

[2]  Moreover, even had Famacion testified credibly, the unfulfilled threats to which he testified do not rise to the level of persecution which would render him eligible for relief. *Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000).

We decline to address Famacion's contention that the BIA erred when it failed to address the IJ's determination that Famacion had provided material support to a terrorist organization. Famacion did not raise this issue in his opening brief to this court. Thus, he has waived it. Absent "manifest injustice," we review only issues which "are argued specifically and distinctly in a party's opening brief." *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 2004). In view of the adverse credibility finding, there is little prospect that his denial as to provision of material support to a terrorist organization would be believed. In any event, no manifest injustice will result from our holding that Famacion waived this issue—which goes only to the IJ's discretionary withholding of voluntary departure.

The petition for review is **DENIED.**